Willard K. Tom
General Counsel
Lisa Weintraub Schifferle (DC Bar No. 463928)
Kristin Krause Cohen (DC Bar No. 485946)
Kevin H. Moriarty (DC Bar No. 975904)
Katherine E. McCarron (DC Bar No. 486335)
John A. Krebs (MA Bar No. 633535)
Federal Trade Commission
600 Pennsylvania Ave, NW Mail Stop NJ-8100
Washington, D.C. 20580
Facsimile:  (202) 326-3062
E-mail: lschifferle@ftc.gov
Telephone:  (202) 326-3377

Attorneys for Plaintiff Federal Trade Commission

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

_____

|  |  |
|---|---|
| Federal Trade Commission, | No. _____ |
| Plaintiff, | |
| v. | COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF |
| Wyndham Worldwide Corporation, a Delaware corporation; | |
| Wyndham Hotel Group, LLC, a Delaware limited liability company; | |
| Wyndham Hotels and Resorts, LLC, a Delaware limited liability company; and | |
| Wyndham Hotel Management, Inc., a Delaware Corporation, | |
| Defendants. | |

_____

1    Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

2         1.    The FTC brings this action under Section 13(b) of the Federal Trade

3    Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain permanent injunctive

4    relief and other equitable relief for Defendants' acts or practices in violation of

5    Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in connection with Defendants'

6    failure to maintain reasonable and appropriate data security for consumers'

7    sensitive personal information.

8         2.    Defendants' failure to maintain reasonable security allowed intruders

9    to obtain unauthorized access to the computer networks of Wyndham Hotels and

10   Resorts, LLC, and several hotels franchised and managed by Defendants on three

11   separate occasions in less than two years.  Defendants' security failures led to

12   fraudulent charges on consumers' accounts, more than $10.6 million in fraud loss,

13   and the export of hundreds of thousands of consumers' payment card account

14   information to a domain registered in Russia.  In all three security breaches,

15   hackers accessed sensitive consumer data by compromising Defendants' Phoenix,

16   Arizona data center.

17                          **JURISDICTION AND VENUE**

18        3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C.

19   §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

20        4.    Venue is proper in this district under 28 U.S.C. § 1391(b), (c), and

21   15 U.S.C. § 53(b).

22

**PLAINTIFF**

5.      The FTC is an independent agency of the United States Government created by statute.  15 U.S.C. §§ 41-58.  The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

6.      The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case.  15 U.S.C. § 53(b).

**DEFENDANTS**

7.      Defendant Wyndham Worldwide Corporation ("Wyndham Worldwide") is a Delaware corporation with its principal office or place of business at 22 Sylvan Way, Parsipanny, New Jersey 07054.  At all times material to this Complaint, Wyndham Worldwide has been in the hospitality business, franchising and managing hotels throughout the United States.  Wyndham Worldwide transacts or has transacted business in this district and throughout the United States.  At all relevant times, it has controlled the acts and practices of its subsidiaries described below and approved of or benefitted from such subsidiaries' acts and practices at issue in this Complaint.  See Exhibit A for an organizational chart depicting the entities named as Defendants in this Complaint.

8.      Defendant Wyndham Hotel Group, LLC ("Hotel Group") is a Delaware limited liability company with its principal office or place of business at 22 Sylvan Way, Parsipanny, New Jersey 07054.  Hotel Group operates a data

1   center in Phoenix, Arizona (the "Phoenix data center") that it uses to store and

2   process payment card data, and the payment card data of some of its subsidiaries,

3   including Wyndham Hotels and Resorts, LLC.  Hotel Group is a wholly-owned

4   subsidiary of Wyndham Worldwide, and through its subsidiaries it franchises and

5   manages approximately 7,000 hotels under twelve hotel brands, one of which is

6   the Wyndham brand.  It transacts or has transacted business in this district and

7   throughout the United States.  At all relevant times, Hotel Group has controlled

8   the acts and practices of its subsidiaries described below and approved of or

9   benefitted from such subsidiaries' acts and practices at issue in this Complaint.

10         9.      Defendant Wyndham Hotels and Resorts, LLC ("Hotels and

11   Resorts") is a Delaware limited liability company with its principal office or place

12   of business at 22 Sylvan Way, Parsipanny, New Jersey 07054.  Hotels and Resorts

13   is a wholly-owned subsidiary of Hotel Group.  Throughout the relevant time

14   period, Hotels and Resorts has licensed the Wyndham name to independent hotels

15   through franchise agreements, and provided various services to those hotels,

16   including information technology services.  At all times material to this

17   Complaint, Hotels and Resorts has licensed the Wyndham name to approximately

18   seventy-five independently-owned hotels under franchise agreements.  Hotels and

19   Resorts transacts or has transacted business in this district and throughout the

20   United States, including franchising hotels located in Arizona.  At all relevant

21   times, Hotel Group and Wyndham Worldwide have performed various business

22   functions on behalf of Hotels and Resorts, or overseen such business functions,

1   including legal assistance, human resources, finance, and information technology

2   and security.  Hotel Group and Wyndham Worldwide controlled the acts and

3   practices of Hotels and Resorts that are at issue in this Complaint.

4         10.    Defendant Wyndham Hotel Management, Inc. ("Hotel

5   Management") is a Delaware corporation with its principal office or place of

6   business at 22 Sylvan Way, Parsippany, New Jersey 07054.  Hotel Management is

7   also a wholly-owned subsidiary of Hotel Group.  Like Hotels and Resorts, Hotel

8   Management licenses the Wyndham name to independently-owned hotels, but

9   does so under management agreements in which it agrees to fully operate the hotel

10   on behalf of the owner.  At all times material to this Complaint, Hotel

11   Management has licensed the Wyndham name to approximately fifteen

12   independently-owned hotels under management agreements.  Hotel Management

13   transacts or has transacted business in this district and throughout the United

14   States, including managing at least one hotel in Arizona.  At all relevant times,

15   Hotel Group and Wyndham Worldwide have performed various business

16   functions on Hotel Management's behalf, or overseen such business functions,

17   including legal assistance and information technology and security.  Hotel Group

18   and Wyndham Worldwide controlled the acts and practices of Hotel Management

19   that are at issue in this Complaint.

20         11.    Defendants Wyndham Worldwide, Hotel Group, Hotels and Resorts,

21   and Hotel Management have operated as a common business enterprise while

22   engaging in the unfair and deceptive acts and practices alleged in this Complaint.

1  Defendants have conducted their business practices described below through an

2  interrelated network of companies that have common ownership, business

3  functions, employees, and office locations.  Because these Defendants have

4  operated as a common enterprise, they are jointly and severally liable for the

5  unfair and deceptive acts and practices alleged below.

6                                   **COMMERCE**

7         12.    At all times material to this Complaint, Defendants have maintained

8  a substantial course of trade in or affecting commerce, as "commerce" is defined

9  in Section 4 of the FTC Act, 15 U.S.C. § 44.

10               **DEFENDANTS' BUSINESS ACTIVITIES**

11                        **Defendants' Business Structure**

12        13.    Wyndham Worldwide is a hospitality business that, through its

13 subsidiaries, franchises and manages hotels and sells timeshares.  It conducts its

14 business through three subsidiaries, including Hotel Group.  At all times relevant

15 to this Complaint, Hotel Group's wholly-owned subsidiaries, Hotels and Resorts

16 and Hotel Management, licensed the Wyndham brand name to approximately

17 ninety independently-owned hotels under franchise or management agreements

18 (collectively hereinafter "Wyndham-branded hotels").

19                       **Defendants' Network Infrastructure**

20        14.    Throughout the relevant time period, Wyndham Worldwide has been

21 responsible for creating information security policies for itself and its subsidiaries,

22 including Hotel Group and Hotels and Resorts, as well as providing oversight of

1    their information security programs.  From at least 2008 until approximately June

2    2009, Hotel Group had responsibility for managing Hotels and Resorts'

3    information security program.  In June 2009, Wyndham Worldwide took over

4    management and responsibility for Hotels and Resorts' information security

5    program.

6        15.    Under their franchise and management agreements, Hotels and

7    Resorts and Hotel Management require each Wyndham-branded hotel to purchase,

8    and configure to their specifications, a designated computer system, known as a

9    property management system, that handles reservations, checks guests in and out,

10   assigns rooms, manages room inventory, and handles payment card transactions.

11   These property management systems store personal information about consumers,

12   including names, addresses, email addresses, telephone numbers, payment card

13   account numbers, expiration dates, and security codes (hereinafter "personal

14   information").

15       16.    The property management systems for all Wyndham-branded hotels,

16   including those managed by Hotel Management, are part of Hotels and Resorts'

17   computer network, and are linked to its corporate network, much of which is

18   located in the Phoenix data center.  Hotels and Resorts' corporate network

19   includes its central reservation system, which coordinates reservations across the

20   Wyndham brand.

21       17.    Each Wyndham-branded hotel's property management system is

22   managed by Defendants.  Only Defendants, and not the owners of the Wyndham-

branded hotels, have administrator access that allows Defendants to control the property management systems at the hotels.  Defendants set the rules, including all password requirements, that allow the Wyndham-branded hotels' employees to access their property management systems.

18.     Defendants have even more direct control over the computer networks of the Wyndham-branded hotels managed by Hotel Management.  Hotel Management controls the "operation" of those hotels pursuant to its management agreements, including their information technology and security functions and the hiring of employees to administer the hotels' computer networks.

19.     The owners of the Wyndham-branded hotels pay Defendants fees to support their property management systems and to connect them to Hotels and Resorts' computer network.  Defendants' technical support team is responsible for addressing and resolving any technical issues that a Wyndham-branded hotel has with its property management system.  As explained further below, Defendants' information security failures led to the compromise of many of the Wyndham-branded-hotels' property management system servers, resulting in the exposure of thousands of consumers' payment card accounts.

## **DEFENDANTS' DECEPTIVE STATEMENTS**

20.     Hotels and Resorts operates a website where consumers can make reservations at any Wyndham-branded hotel.  In addition, some Wyndham-branded hotels operate their own individual websites, which describe the individual hotel and its amenities.  Customers making reservations from a

1   Wyndham-branded hotel's individual website are directed back to Hotels and

2   Resorts' website to make the reservation.

3        21.    Since at least 2008, Defendants have disseminated, or caused to be

4   disseminated, privacy policies or statements on their website to their customers

5   and potential customers.  These policies or statements include, but are not limited

6   to, the following statement regarding the privacy and confidentiality of personal

7   information, disseminated on the Hotels and Resorts' website:

8       . . . We recognize the importance of protecting the privacy of individual-specific (personally identifiable) information

9   collected about guests, callers to our central reservation centers, visitors to our Web sites, and members participating

10   in our Loyalty Program (collectively, "Customers"). . . .

11   This Policy applies to residents of the United States, hotels of our Brands located in the United States, and Loyalty

12   Program activities in the United States only. . . .

13   We safeguard our Customers' personally identifiable information by using standard industry practices.  Although

14   "guaranteed security" does not exist on or off the Internet, we take commercially reasonable efforts to create and

15   maintain "fire walls" and other appropriate safeguards to ensure that to the extent we control the Information, the

16   Information is used only as authorized by us and consistent with this Policy, and that the Information is not improperly

17   altered or destroyed.

18        22.    There is a link to this privacy policy on each page of the Hotels and

19   Resorts' website, including its reservations page.

20        23.    Although this statement is disseminated on the Hotels and Resorts'

21   website, it states that it is the privacy policy of Hotel Group.

22

## **DEFENDANTS' INADEQUATE DATA SECURITY PRACTICES**

24.     Since at least April 2008, Defendants failed to provide reasonable and appropriate security for the personal information collected and maintained by Hotels and Resorts, Hotel Management, and the Wyndham-branded hotels, by engaging in a number of practices that, taken together, unreasonably and unnecessarily exposed consumers' personal data to unauthorized access and theft. Among other things, Defendants:

a.     failed to use readily available security measures to limit access between and among the Wyndham-branded hotels' property management systems, the Hotels and Resorts' corporate network, and the Internet, such as by employing firewalls;

b.     allowed software at the Wyndham-branded hotels to be configured inappropriately, resulting in the storage of payment card information in clear readable text;

c.     failed to ensure the Wyndham-branded hotels implemented adequate information security policies and procedures prior to connecting their local computer networks to Hotels and Resorts' computer network;

d.     failed to remedy known security vulnerabilities on Wyndham-branded hotels' servers that were connected to Hotels and Resorts' computer network, thereby putting personal

1   information held by Defendants and the other Wyndham-

2   branded hotels at risk.  For example, Defendants permitted

3   Wyndham-branded hotels to connect insecure servers to the

4   Hotels and Resorts' network, including servers using outdated

5   operating systems that could not receive security updates or

6   patches to address known security vulnerabilities;

7   e.   allowed servers to connect to Hotels and Resorts' network,

8   despite the fact that well-known default user IDs and

9   passwords were enabled on the servers, which were easily

10   available to hackers through simple Internet searches;

11   f.   failed to employ commonly-used methods to require user IDs

12   and passwords that are difficult for hackers to guess.

13   Defendants did not require the use of complex passwords for

14   access to the Wyndham-branded hotels' property

15   management systems and allowed the use of easily guessed

16   passwords.  For example, to allow remote access to a hotel's

17   property management system, which was developed by

18   software developer Micros Systems, Inc., Defendants used

19   the phrase "micros" as both the user ID and the password;

20   g.   failed to adequately inventory computers connected to the

21   Hotels and Resorts' network so that Defendants could

22   appropriately manage the devices on its network;

- 11 -

h.      failed to employ reasonable measures to detect and prevent

unauthorized access to Defendants' computer network or to

conduct security investigations;

i.      failed to follow proper incident response procedures,

including failing to monitor Hotels and Resorts' computer

network for malware used in a previous intrusion; and

j.      failed to adequately restrict third-party vendors' access to

Hotels and Resorts' network and the Wyndham-branded

hotels' property management systems, such as by restricting

connections to specified IP addresses or granting temporary,

limited access, as necessary.

## INTRUSIONS INTO DEFENDANTS' COMPUTER NETWORK

25.     As a result of the failures described above, between April 2008 and January 2010, intruders were able to gain unauthorized access to Hotels and Resorts' computer network, including the Wyndham-branded hotels' property management systems, on three separate occasions.  The intruders used similar techniques on each occasion to access personal information stored on the Wyndham-branded hotels' property management system servers, including customers' payment card account numbers, expiration dates, and security codes.  After discovering each of the first two breaches, Defendants failed to take appropriate steps in a reasonable time frame to prevent the further compromise of the Hotels and Resorts' network.

**First Breach**

26.    In April 2008, intruders first gained access to a Phoenix, Arizona Wyndham-branded hotel's local computer network that was connected to the Internet.  The hotel's local network was also connected to Hotels and Resorts' network through the hotel's property management system.  Using this access, in May 2008, the intruders attempted to compromise an administrator account on the Hotels and Resorts' network by guessing multiple user IDs and passwords – known as a brute force attack.

27.    This brute force attack caused multiple user account lockouts over several days, including one instance in which 212 user accounts were locked out, before the intruders were ultimately successful.  Account lockouts occur when a user inputs an incorrect password multiple times, and are a well-known warning sign that a computer network is being attacked.  Defendants did not have an adequate inventory of the Wyndham-branded hotels' computers connected to its network, and, therefore, although they were able to determine that the account lockouts were coming from two computers on Hotels and Resorts' network, they were unable to physically locate those computers.  As a result, Defendants did not determine that the Hotels and Resorts' network had been compromised until almost four months later.

28.    The intruders' brute force attack led to the compromise of an administrator account on the Hotels and Resorts' network.  Because Defendants did not appropriately limit access between and among the Wyndham-branded

1   hotels' property management systems, the Hotels and Resorts' own corporate

2   network, and the Internet – such as through the use of firewalls – once the

3   intruders had access to the administrator account, they were able to gain unfettered

4   access to the property management system servers of a number of hotels.

5          29.     Additionally, the Phoenix hotel's property management system

6   server was using an operating system that its vendor had stopped supporting,

7   including providing security updates and patch distribution, more than three years

8   prior to the intrusion.  Defendants were aware the hotel was using this unsupported

9   and insecure server, yet continued to allow it to connect to Hotels and Resorts'

10  computer network.

11         30.     In this first breach, the intruders installed memory-scraping malware

12  on numerous Wyndham-branded hotels' property management system servers,

13  thereby accessing payment card data associated with the authorization of payment

14  card transactions that was present temporarily on the hotels' servers.

15         31.     In addition, the intruders located files on some of the Wyndham-

16  branded hotels' property management system servers that contained payment card

17  account information for large numbers of consumers, stored in clear readable text.

18  These files were created and stored in clear text because Defendants had allowed

19  the property management systems to be configured inappropriately to create these

20  files and store the payment card information that way.

21         32.     As a result of Defendants' unreasonable data security practices,

22  intruders were able to gain unauthorized access to the Hotels and Resorts'

- 14 -

corporate network, and the property management system servers of forty-one

Wyndham-branded hotels – twelve managed by Hotel Management and twenty-

nine franchisees of Hotels and Resorts.  This resulted in the compromise of more

than 500,000 payment card accounts, and the export of hundreds of thousands of

consumers' payment card account numbers to a domain registered in Russia.

**Second Breach**

33.     In March 2009, approximately six months after Defendants

discovered the first breach, intruders were able again to gain unauthorized access

to the Hotels and Resorts' network, this time through a service provider's

administrator account in the Phoenix data center.

34.     In May 2009, Defendants learned that several Wyndham-branded

hotels had received complaints from consumers about fraudulent charges made to

their payment card accounts after using those cards to pay for stays at Wyndham-

branded hotels.  At that point, Defendants searched Hotels and Resorts' network

for the memory-scraping malware used in the previous attack, and found it on the

property management system servers of more than thirty Wyndham-branded

hotels.  As a result of Defendants' failure to monitor Hotels and Resorts' network

for the malware used in the previous attack, hackers had unauthorized access to

the Hotels and Resorts' network for approximately two months.

35.     In addition to again using memory-scraping malware to access

personal information, in this second breach the intruders reconfigured software at

the Wyndham-branded hotels to cause their property management systems to

1  create clear text files containing the payment card account numbers of guests using

2  their payment cards at the hotels.

3      36.   Ultimately, the intruders exploited Defendants' data security

4  vulnerabilities to gain access to the Hotels and Resorts' network and the property

5  management system servers of thirty-nine Wyndham-branded hotels – nine of

6  which were managed by Hotel Management and thirty franchisees of Hotels and

7  Resorts.  In this second incident, the intruders were able to access information for

8  more than 50,000 consumer payment card accounts and use that information to

9  make fraudulent charges on consumers' accounts.

10                          **Third Breach**

11      37.   In late 2009, intruders again compromised an administrator account

12  on Hotels and Resorts' network.  Because Defendants had still not adequately

13  limited access between and among the Wyndham-branded hotels' property

14  management systems, Hotels and Resorts' corporate network, and the Internet –

15  such as through the use of firewalls – once the intruders had access to this

16  administrator account they were able again to access multiple Wyndham-branded

17  hotels' property management system servers.  As in the previous attacks, the

18  intruders installed memory-scraping malware to access payment card account

19  information held at the Wyndham-branded hotels.

20      38.   Again, Defendants did not detect this intrusion themselves, but

21  rather learned of the breach from a credit card issuer.  The credit card issuer

22  contacted Defendants in January 2010, and indicated that the account numbers of

1   credit cards it had issued were used fraudulently shortly after its customers used

2   their credit cards to pay for stays at Wyndham-branded hotels.

3        39.    As a result of Defendants' security failures, in this instance,

4   intruders compromised Hotels and Resorts' corporate network and the property

5   management system servers of twenty-eight Wyndham-branded hotels – eight

6   managed by Hotel Management and twenty franchisees of Hotels and Resorts.  As

7   a result of this third incident, the intruders were able to access information for

8   approximately 69,000 consumer payment card accounts and again make fraudulent

9   purchases on those accounts.

10                   **Total Impact of Breaches**

11        40.    Defendants' failure to implement reasonable and appropriate

12   security measures exposed consumers' personal information to unauthorized

13   access, collection, and use.  Such exposure of consumers' personal information

14   has caused and is likely to cause substantial consumer injury, including financial

15   injury, to consumers and businesses.  For example, Defendants' failure to

16   implement reasonable and appropriate security measures resulted in the three data

17   breaches described above, the compromise of more than 619,000 consumer

18   payment card account numbers, the exportation of many of those account numbers

19   to a domain registered in Russia, fraudulent charges on many consumers'

20   accounts, and more than $10.6 million in fraud loss.  Consumers and businesses

21   suffered financial injury, including, but not limited to, unreimbursed fraudulent

22   charges, increased costs, and lost access to funds or credit.  Consumers and

1    businesses also expended time and money resolving fraudulent charges and

2    mitigating subsequent harm.

3                    **VIOLATIONS OF THE FTC ACT**

4        41.    Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or

5    deceptive acts or practices in or affecting commerce."

6        42.    Misrepresentations or deceptive omissions of material fact constitute

7    deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

8        43.    Acts or practices are unfair under Section 5 of the FTC Act if they

9    cause or are likely to cause substantial injury to consumers that consumers cannot

10    reasonably avoid themselves and that is not outweighed by countervailing benefits

11    to consumers or competition.  15 U.S.C. § 45(n).

12                              **Count I**

13                              **Deception**

14        44.    In numerous instances through the means described in Paragraph 21,

15    in connection with the advertising, marketing, promotion, offering for sale, or sale

16    of hotel services, Defendants have represented, directly or indirectly, expressly or

17    by implication, that they had implemented reasonable and appropriate measures to

18    protect personal information against unauthorized access.

19        45.    In truth and in fact, in numerous instances in which Defendants have

20    made the representations set forth in Paragraph 44 of this Complaint, Defendants

21    did not implement reasonable and appropriate measures to protect personal

22    information against unauthorized access.

1       46.   Therefore, Defendants' representations as set forth in Paragraph 44

2   of this Complaint are false or misleading and constitute deceptive acts or practices

3   in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

4   **Count II**

5   **<u>Unfairness</u>**

6       47.   In numerous instances Defendants have failed to employ reasonable

7   and appropriate measures to protect personal information against unauthorized

8   access.

9       48.   Defendants' actions caused or are likely to cause substantial injury

10  to consumers that consumers cannot reasonably avoid themselves and that is not

11  outweighed by countervailing benefits to consumers or competition.

12      49.   Therefore, Defendants' acts and practices as described in Paragraph

13  47 above constitute unfair acts or practices in violation of Section 5 of the FTC

14  Act, 15 U.S.C. §§ 45(a) and 45(n).

15  **<u>CONSUMER INJURY</u>**

16      50.   Consumers have suffered and will continue to suffer substantial

17  injury as a result of Defendants' violations of the FTC Act.  In addition,

18  Defendants have been unjustly enriched as a result of their unlawful acts or

19  practices.  Absent injunctive relief by this Court, Defendants are likely to continue

20  to injure consumers, reap unjust enrichment, and harm the public interest.

21  **<u>THIS COURT'S POWER TO GRANT RELIEF</u>**

22      51.   Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this

1  Court to grant injunctive and such other relief as the Court may deem appropriate

2  to halt and redress violations of any provision of law enforced by the FTC.  The

3  Court, in the exercise of its equitable jurisdiction, may award ancillary relief,

4  including rescission or reformation of contracts, restitution, the refund of monies

5  paid, and the disgorgement of ill-gotten monies, to prevent and remedy any

6  violation of any provision of law enforced by the FTC.

7  ### **PRAYER FOR RELIEF**

8  Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15

9  U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

10  A.   Enter a permanent injunction to prevent future violations of the FTC

11  Act by Defendants;

12  B.   Award such relief as the Court finds necessary to redress injury to

13  consumers resulting from Defendants' violations of the FTC Act, including but not

14  limited to, rescission or reformation of contracts, restitution, the refund of monies

15  paid, and the disgorgement of ill-gotten monies; and

16  C.   Award Plaintiff the costs of bringing this action, as well as such

17  other and additional relief as the Court may determine to be just and proper.

18

19

20

21

22

1

2

3

Dated:  June 26, 2012

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Respectfully submitted,

Willard K. Tom
General Counsel

Lisa Weintraub Schifferle
Kristin Krause Cohen
Kevin H. Moriarty
Katherine E. McCarron
John A. Krebs
Federal Trade Commission
600 Pennsylvania Ave
N.W. Mail Stop NJ-8100
Washington, D.C. 20580
Facsimile: (202) 326-3062
E-mail: lschifferle@ftc.gov
Telephone: (202) 326-3377

Attorneys for Plaintiff
Federal Trade Commission