

JENNIFER A. HRADIL
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4495 Fax: (973) 639-6487
jhradil@gibbonslaw.com

April 17, 2014

**VIA ECF**

The Honorable Joseph A. Dickson, U.S.M.J.
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

> Re:  *Federal Trade Commission v. Wyndham Worldwide Corporation, et al.*
>      Civil Action No.:  13-1887 (ES) (JAD)

Dear Judge Dickson:

  This firm, along with Kirkland & Ellis LLP and Ropes & Gray LLP, represents Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC ("WHR"), and Wyndham Hotel Management, Inc. (collectively, "Wyndham") in the above-referenced action.  In accordance with the Court's Pretrial Scheduling Order, *see* ECF No. 148 § V.17, and in furtherance of Wyndham's discussions with Your Honor during the parties' March 21, 2014 status conference, Wyndham respectfully writes to request leave to file a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56.  That motion will focus on a single narrow issue that can (and should, respectfully) be resolved at this stage of the litigation: the state of WHR's current data-security practices for payment card information it collects.

  As discussed briefly with Your Honor on March 21, the FTC is seeking permanent injunctive relief against Wyndham under 15 U.S.C. § 53(b), which provides that "in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction." In construing the scope of § 53(b) (which codifies § 13(b) of the FTC Act), courts have made clear that the FTC cannot obtain injunctive relief merely to remedy ***past*** violations of the FTC Act.  *See, e.g.*, *FTC v. Merchant Servs. Direct, LLC*, 2013 WL 4094394, at *3 (E.D. Wash. Aug. 13, 2013) ("[T]he FTC cannot base its request for injunctive relief under Section 13(b) on evidence of past violations." (quotation omitted)).  Instead, permanent injunctive relief is appropriate under § 53(b) only when the FTC can prove that there is (i) an ongoing violation of Section 5 or (ii) a reasonable likelihood of a future violation of Section 5.  *See FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1087 (9th Cir. 1985); *FTC v. Home Assure, LLC*, 2009 WL 1043956, at *20 (M.D. Fla. Apr. 16, 2009); *FTC v. Minuteman Press*, 53 F. Supp. 2d 248, 260 (E.D.N.Y. 1998); *United States v. ACB Sales & Serv., Inc.*, 683 F. Supp. 734, 741 (D. Ariz. 1987).

  Through its motion, Wyndham seeks to demonstrate that there is no genuine issue of material fact to dispute that WHR's current data-security practices comply with Section 5 of the FTC Act.  Even assuming that the FTC is correct to interpret Section 5 as requiring companies to

GIBBONS P.C.

The Honorable Joseph A. Dickson, U.S.M.J.
April 17, 2014
Page 2

maintain "reasonable and appropriate" data security, WHR's current data-security practices meet that standard. The discovery conducted over the past year-and-half shows beyond doubt that the measures WHR currently takes to protect payment card information are reasonable, and thus the FTC cannot establish the ongoing violation of the law required to obtain permanent injunctive relief as to WHR's network. *See* Am. Compl., Prayer for Relief.

Through a third-party subpoena issued by the FTC, discovery has revealed that, in each of the past three years, an independent auditor has certified that WHR's data-security practices fully comply with the Payment Card Industry Data Security Standard ("PCI DSS")—a standard that has recently come to represent best practices for companies that collect or store payment card information. Indeed, the FTC has conceded that the findings in such reports "likely are highly probative of whether Wyndham's data security failures are likely to recur, and therefore relevant to the propriety of injunctive relief in this matter." ECF No. 165-3 at 6 (Feb. 14, 2014 FTC Ltr. Br.). Because the 2011, 2012, and 2013 independent-auditor reports establish that WHR's current data-security practices fully comply with PCI DSS, the question of whether the FTC can prove any "ongoing" violation of Section 5 is ripe for summary judgment. Similarly, because those same findings have been made for three years running—and because the last alleged data breach occurred over four years ago—the FTC cannot establish that it is "reasonably likely" that WHR's data security practices will fall below those standards in the future.

Deciding whether the FTC is entitled to permanent injunctive relief as to WHR's network would be in line with three key points from Judge Salas's recent decision regarding WHR's motion to dismiss. ***First***, the Court recognized in that decision that the actual—not the alleged—facts concerning WHR's data-security practices would be critically important in this case and would determine any future liability. *See* ECF No. 181 at 7. The actual facts surrounding WHR's data-security practices, however, show beyond doubt that those practices comply fully with Section 5, and thus that the FTC is not entitled to permanent injunctive relief. ***Second***, the Court acknowledged that "both the FTC and [WHR] seem to recognize the importance of data security." *Id.* at 6. This recognition is precisely why WHR employed commercially reasonable data-security practices at the time of the cyberattacks described in the complaint and has continued to enhance and improve its data-security protections over time. ***Third***, and perhaps most importantly, the District Court emphasized that its ruling "does *not* give the FTC a blank check." *Id.* at 7. To relieve the parties (and the Court) of the need to expend substantial resources on litigation of an issue that is easily resolved, ensures that the FTC is not pursuing theories simply to gain leverage in the litigation. It also ensures that a private litigant can have a judicial officer assess its current data-security efforts early in the litigation.

In short, whatever the merits of the FTC's allegations regarding WHR's data-security protections in the past, the record contains no dispute that WHR's current data-security practices far surpass the baseline legal requirements of Section 5. Accordingly, Wyndham respectfully requests leave to file a motion for partial summary judgment regarding the FTC's request for

GIBBONS P.C.

The Honorable Joseph A. Dickson, U.S.M.J.
April 17, 2014
Page 3

permanent injunctive relief based upon an ongoing or reasonably likely future violation of the FTC Act.

     We thank Your Honor for your consideration of this request. Should the Court require further information, we are available at the Court's convenience. If the Court grants Wyndham leave to file a motion for partial summary judgment, Wyndham will, of course, work with the FTC to agree to a reasonable briefing schedule.

                                                  Respectfully,

                                                s/ Jennifer A. Hradil
                                                Jennifer A. Hradil

cc:       The Hon. Esther Salas, U.S.D.J. (via ECF & Regular Mail)
           All counsel of record (via ECF)