NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION,** : | |
| Plaintiff, : | |
| : | Civil Action No. 13-1887 (ES) |
| v. : | |
| : | MEMORANDUM OPINION |
| **WYNDHAM WORLDWIDE** : | and ORDER |
| **CORPORATION, et al.,** : | |
| Defendants. : | |

**SALAS, DISTRICT JUDGE**

On April 7, 2014, this Court issued an Order denying defendant Wyndham Hotels and Resorts, LLC's ("Hotels and Resorts") motion to dismiss. (D.E. No. 182). Hotels and Resorts now moves to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b). (D.E. No. 188-1, Defendant's Motion to Certify Order Denying Motion to Dismiss (ECF. No. 182) for Interlocutory Appeal ("WHR's Motion to Certify")). Plaintiff, the Federal Trade Commission (the "FTC"), opposes Hotels and Resorts' motion. (D.E. No. 196, Plaintiff's Opposition to Defendant Hotels and Resorts' Motion to Certify Order Denying Motion to Dismiss (ECF No. 182) for Interlocutory Appeal ("FTC's Opp.")).

The Court decides Hotels and Resorts' motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons below, the Court GRANTS Hotels and Resorts' motion.[1]

---

[1] Also pending before the Court are motions requesting leave for the following individuals or entities to file brief *amici curiae* in support of Hotels and Resorts' motion to certify the Court's Order for interlocutory appeal: Charles Lee Thomason, (D.E. No. 190); and Chamber of Commerce of the United States of America, American Hotel & Lodging Association, and National Federation of Independent Business, (D.E. No. 192). These motions are

I.   **BACKGROUND AND THE PARTIES' CONTENTIONS**

In the Opinion accompanying the relevant Order, the Court detailed the FTC's factual allegations giving rise to this action and incorporates that background herein.  (*See* D.E. No. 181).  In that Opinion, the Court also set forth its reasons for denying Hotels and Resorts' motion to dismiss the FTC's unfairness and deception counts brought under Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).  (*See id.*).

As to the unfairness count, specifically, the Court rejected Hotels and Resorts' challenges that: (1) the FTC lacks authority to bring an unfairness claim involving data security; (2) the FTC violates fair-notice principles by not formally promulgating regulations before bringing its unfairness claim; and (3) the FTC's allegations are insufficiently pleaded.  (*See id.* at 2).

Thereafter, Hotels and Resorts filed the motion now pending before the Court.  In its motion, Hotels and Resorts seeks interlocutory appellate review of the Court's Order concerning the following two legal issues relating to the FTC's unfairness count: "(1) whether Congress has delegated to the Federal Trade Commission . . . generalized statutory authority to regulate data-security practices; and (2) if so, whether the FTC has provided regulated entities adequate notice of what data-security practices are required."  (WHR's Motion to Certify at 1).

Hotels and Resorts, therefore, does not seek to certify the Court's Order relating to the FTC's deception count or the sufficiency of pleading for both the unfairness and deception counts.  Furthermore, Hotels and Resorts does not seek a stay pending interlocutory appellate review.  (D.E. No. 197, Reply in Support of Defendant's Motion to Certify Order Denying Motion to Dismiss (ECF. No. 182) for Interlocutory Appeal at 3 ("WHR's Reply") at 2).

---

DENIED.  Such requests constitute "a matter to be decided in this Court's discretion."  *Hospira, Inc. v. Sandoz, Inc.*, No. 09-4591, 2014 WL 794589, at *4 (D.N.J. Feb. 27, 2014).  Indeed, "[l]eave to so file may be granted if a court desires assistance in the understanding of an issue, and if the information offered is timely and useful."  *Id.*  But the Court "requires no further assistance" in resolving Hotels and Resorts' motion seeking interlocutory appellate review and declines both motions for leave to file brief *amici curiae*.  *See id.*

In support of its motion, Hotels and Resorts first argues that "(1) whether Section 5 of the FTC Act grants the FTC general authority over corporate data security and (2) whether the FTC has provided adequate notice of what Section 5 requires with respect to corporate data security" involve "pure questions of law." (WHR's Motion to Certify at 3).

Second, Hotels and Resorts contends that these two legal issues involve "substantial grounds for difference of opinion" because "these issues are difficult ones of first impression" that have "been vigorously disputed elsewhere—in other courts, in Congress, in academia, and in other FTC enforcement proceedings." (*Id.* at 5, 7).

And, third, Hotels and Resorts asserts that appellate review of these two issues would "materially advance the ultimate termination of the litigation" because, "if the Third Circuit reversed this Court's decision on *either*" of the two aforementioned legal issues, then the "FTC's entire unfairness count would be disposed of." (*Id.* at 9-10).

In opposition, the FTC argues that there are no substantial grounds for a difference of opinion on the two issues that Hotels and Resorts seeks to appeal. (FTC's Opp. at 2). It contends that, even if "a federal court has not previously ruled on the *specific* questions Hotels and Resorts seeks to appeal," there are "numerous other federal courts [that] have applied Section 5 of the FTC act to a host of acts and practices." (*Id.* at 2-3).

The FTC asserts that, to prevail on its motion, Hotels and Resorts "must show genuine doubt as to whether the Court applied the correct legal standard," not just "[d]isagreement with the result that the court reached when it applied the law." (*Id.* at 3). And the FTC argues that "the amount of nonparty interest in the case dose not assist Hotels and Resorts in meeting its statutory burden." (*Id.* at 5). In addition, the FTC argues that an interlocutory appeal would not

eliminate the need for trial or even "eliminate significant facts or issues from the litigation." (*Id.* at 5-6).

## II. LEGAL STANDARD

28 U.S.C. § 1292(b) provides, in relevant part, that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, "[t]he statute imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "The burden is on the movant to demonstrate that all three requirements are met." *Litgo N.J., Inc. v. Martin*, No. 06-2891, 2011 WL 1134676, at *2 (D.N.J. Mar. 25, 2011) (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004)).

"Certification, however, should only rarely be allowed as it deviates from the strong policy against piecemeal litigation." *Huber v. Howmedica Osteonics Corp.*, No. 07-2400, 2009 WL 2998160, at *1 (D.N.J. Mar. 10, 2009). Accordingly, "even if all three criteria under Section 1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007).

### III. DISCUSSION

#### A. There are two controlling questions of law

The Court finds that the first prong of Section 1292(b) is satisfied. "A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. "Controlling" means serious to the conduct of the litigation in a practical or legal sense. *Florence v. Bd. of Chosen Freeholders of the Cnty. of Burlington*, 657 F. Supp. 2d 504, 508 (D.N.J. 2009) (citing *Katz*, 496 F.2d at 755).

The Court's April 7, 2014 Order concerned two controlling questions of law: (1) whether the FTC can bring an unfairness claim involving data security under Section 5 of the FTC Act and (2) whether the FTC must formally promulgate regulations before bringing its unfairness claim under Section 5 of the FTC Act.[2] The FTC does not dispute that these are controlling questions of law. After all, reversal of this Court's analysis as to either of these questions would represent reversible error on appeal, requiring a grant of Hotels and Resorts' motion to dismiss as to the unfairness count—which is one of only two claims by the FTC. Therefore, in both a practical and legal sense, these questions are serious to the conduct of this action. *See Katz*, 496 F.2d at 755 (finding relevant the "saving of time of the district court and of expense to the litigants"); *Florence*, 657 F. Supp. 2d at 508 (finding a "controlling question of law" because, "[i]f, for example, the Third Circuit rules contrary to this Court's decision . . . then this Court would have necessarily committed reversible error."). Accordingly, the Court finds that the first Section 1292(b) factor is met.

---

[2] Hotels and Resorts frames the controlling questions of law as follows: "(1) whether Section 5 of the FTC Act grants the FTC general authority over corporate data security and (2) whether the FTC has provided adequate notice of what Section 5 requires with respect to corporate data security." (WHR's Motion to Certify at 3). But, as detailed in the Court's April 7, 2014 Opinion, (*see, e.g.*, D.E. No. 181 at 7-9, 15-17), the issues are more accurately framed—in view of Hotels and Resorts' arguments in support of its motion to dismiss—as described above. *See Florence*, 657 F. Supp. 2d at 508 ("Although the Court disagrees with the framing of the issue as presented by . . . Defendants, it is clear that the issue nevertheless involves a controlling question of law.").

### B. There is substantial ground for difference of opinion

Next, the Court finds that the second prong of Section 1292(b) is satisfied. A "substantial ground for difference of opinion" must "arise out of genuine doubt as to the correct legal standard." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996); *see also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001) (same). "[M]ere disagreement with the district court's ruling" is not enough. *Kapossy*, 942 F. Supp. at 1001.

Here, the FTC asserts that "Hotels and Resorts cannot show that the Court applied the wrong legal standards." (FTC's Opp. at 5). But Hotels and Resorts persuasively contends that the "very premise" of its argument is "that the FTC either lacks authority to promulgate a 'legal standard' governing corporate data security in the first place, or (at the very least) has failed to provide fair notice of that 'legal standard.'" (WHR's Reply at 3).

To be sure, the FTC posits that this Court applied the well-established legal standards for determining that the FTC has the requisite authority and that the FTC has provided sufficient notice. (*See* FTC's Opp. at 4-5). Still, given the novelty of liability issues relating to data-security breaches, the Court finds that reasonable jurists may differ over the Court's resolution of the two legal issues in question.

In other words, Hotels and Resorts' statutory authority and fair-notice challenges confront this Court with novel, complex statutory interpretation issues that give rise to a substantial ground for difference of opinion. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded

jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent."). Accordingly, the Court finds that the second 1292(b) factor is satisfied.

### C. An immediate appeal may materially advance the ultimate termination of the litigation

Finally, the Court finds that third prong of Section 1292(b) is satisfied. A Section 1292(b) certification "materially advances the ultimate termination of the litigation where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome." *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-0011, 2013 WL 663301, at *4 (D.N.J. Feb. 21, 2013); *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994) (same). "Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set." *N.J. Protection & Advocacy, Inc. v. N.J. Dep't of Educ.*, No. 07-2978, 2008 WL 4692345, at *3 (D.N.J. Oct. 8, 2008).

Here, Hotels and Resorts concedes that an interlocutory appeal will not eliminate the need for trial. (*See* WHR's Motion to Certify at 10). But, as apparent from the above standard, this is not fatal to the third Section 1292(b) factor. Indeed, as the FTC must concede, reversal of the Court's decision on either of the two legal questions-at-issue would eliminate its unfairness claim.

And, although the FTC argues that there is "significant overlap in facts and issues that form the core of both counts of the FTC's Complaint," (FTC's Opp. at 6), it is indisputable that these are separate counts, involving different legal standards. *See* 15 U.S.C. § 45(n) (defining "unfair acts or practices" as those that "cause[ ] or [are] likely to cause substantial injury to

7

consumers which [are] not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition"); *FTC v. Millennium Telecard, Inc.*, No. 11-2479, 2011 WL 2745963, at *3 (D.N.J. July 12, 2011) ("To establish [deception] liability under section 5 of the FTC Act, the FTC must establish: (1) there was a representation; (2) the representation was likely to mislead customers acting reasonably under the circumstances, and (3) the representation was material.") (internal quotation marks omitted).

Notably, as discussed above, Hotels and Resorts' motion seeking interlocutory appellate review concerns controlling questions of law. To that extent, "'[t]he requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law.'" *Pub. Interest Research Grp. of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1557 (D.N.J. 1993) (quoting 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3930 (3d ed. 2014)).

And a reversal of the Court's decision as to the FTC's unfairness count will dispose of this count, which "will save time and expense, and will materially advance the ultimate resolution of this litigation." *See id.* After all, if the Court is reversed as to either of the controlling questions of law, any dispositive motions or a trial would only focus on the FTC's deception count.

This third factor asks the Court to consider "whether an immediate appeal *may* materially advance the termination of the litigation, not whether an immediate appeal definitively *will* advance the termination of the litigation." *Miller v. SmithKline Beecham Corp.*, No. 13-2382, 2013 WL 6506570, at *3 (M.D. Pa. Dec. 12, 2013). And, here, "discovery is ongoing, the parties still have an opportunity to file dispositive motions, and trial is not scheduled." *See id.*

The Court is, therefore, convinced that the third Section 1292(b) factor is met.

**IV.  CONCLUSION**

In sum, the Court grants Hotels and Resorts' motion to certify the Court's April 7, 2014 Order, (D.E. No. 182), for interlocutory appeal.  The Court has found that the three Section 1292(b) requirements are satisfied.

The Court recognizes that "interlocutory certification should be used sparingly and that the District Court should serve as a diligent gatekeeper to prevent premature and piecemeal appeals." *Bais Yaakov of Spring Valley*, 2013 WL 663301, at *5.  But the circumstances here appear sufficiently exceptional to justify certification for interlocutory appellate review.

In so concluding, the Court has carefully considered its April 7, 2014 Opinion, the parties' voluminous submissions and lengthy arguments concerning Hotels and Resorts' motion to dismiss, the absence of precedent directly addressing the pure questions of law at issue here, the procedural posture of the instant action, the standard for granting interlocutory appellate review under 28 U.S.C. § 1292(b), and, importantly, the nationwide significance of the issues in this action—which indisputably affect consumers and businesses in a climate where we collectively struggle to maintain privacy while enjoying the benefits of the digital age.

**IT IS** therefore on this 23rd day of June 2014,

**ORDERED** that Defendant Wyndham Hotels and Resorts, LLC's motion, (D.E. No. 188), for an order certifying this Court's April 7, 2014 Order, (D.E. No. 182), for interlocutory review is hereby GRANTED; and it is further

**ORDERED** that the specific questions to be certified are as follows:

(1) Whether the Federal Trade Commission can bring an unfairness claim involving data security under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a); and

 (2) Whether the Federal Trade Commission must formally promulgate regulations before bringing its unfairness claim under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a);

and it is further;

 **ORDERED** that Defendant Wyndham Hotels and Resorts, LLC shall file a Petition for Permission to Appeal with the United States Court of Appeals for the Third Circuit in accordance with Federal Rule of Appellate Procedure 5(a)(2); and it is further

 **ORDERED** that the motions requesting leave for certain individuals or entities to file brief *amici curiae* in support of Defendant Wyndham Hotels and Resorts, LLC's motion for an order certifying this Court's April 7, 2014 Order, (D.E. Nos. 190 & 192), are DENIED.

           */s/ Esther Salas*
           **Esther Salas, U.S.D.J.**